IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMIE RAY CHATTON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0095-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Tommie Ray Chatton, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

On June 2, 2003, petitioner was released to parole after serving 25 years of a life sentence for aggravated robbery. While on parole, petitioner was charged with making terroristic threats against his family. Although criminal charges were not filed, petitioner was arrested on a "blue warrant" issued by parole authorities. Following a revocation hearing on July 9, 2004, petitioner's parole was revoked and he was returned to TDCJ-ID custody. Petitioner challenged this action in an application for state post-conviction relief. The application was denied without written order. *Ex parte Chatton*, No. 12,701-05 (Tex. Crim. App. Dec. 13, 2006). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that the evidence adduced at the parole revocation hearing was insufficient to prove that he made terroristic threats or otherwise violated the conditions of his release.

By order dated March 9, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on March 20, 2007. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see also Sanchez v. Dretke*, No. 3-04-CV-1668-N, 2004 WL 3029727 at *1 (N.D. Tex. Dec. 30, 2004), *rec. adopted*, 2005 WL 65958 (N.D. Tex. Jan. 11, 2005) (citing cases). The AEDPA statute of limitations is tolled while a properly filed application for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

The AEDPA limitations period started to run on the date petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. At the very latest, this

occurred on July 9, 2004 when his parole was revoked. *See Sanchez*, 2004 WL 3029727 at *1. The statute of limitations was tolled from June 20, 2005 until December 13, 2006, a total of 541 days, while a properly filed application for state post-conviction relief was pending. Even allowing for this tolling period, petitioner still waited more than one year before filing this action in federal court on January 11, 2007.

In his reply, petitioner argues that he had "30 working days" from the date the Texas Court of Criminal Appeals issued its mandate denying post-conviction relief to file his federal writ. (*See* Pet. Reply at 3, ¶ 11). Such is not the case. The AEDPA specifically provides that the one-year statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending*[.]" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state writ was pending from June 20, 2005 until December 13, 2006. Because petitioner waited 346 days from the date his parole was revoked to seek state post-conviction relief, only 19 days remained after the denial of his state writ for petitioner to file this action in federal court. Petitioner waited 29 days to file his federal writ. Therefore, this action is barred by limitations.

Nor is petitioner entitled to equitable tolling because he missed the filing deadline by only 10 days. In *Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 878 (2003), the Fifth Circuit rejected a similar argument where the petitioner filed his federal writ four days late. As the court noted:

> AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Id.* at 265 (citing cases). Had petitioner diligently pursued his state post-conviction remedies, this case could have been timely filed. *See Coleman v. Johnson*, 184 F.3d 398, 404 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000) (equitable tolling of limitations period requires habeas petitioner to diligently pursue relief); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001), *citing Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").[1]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In his federal writ, petitioner also points to defects in the state habeas record and accuses Texas parole officials of withholding evidence from the trial court. To the extent petitioner seeks federal habeas relief on this ground, such a claim is not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases) ("[A]n attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.").